## Eckhart Trust

OPINION BY KIESTER, S.J., JULY 21, 1981:

There is before the court a petition to change the purposes of a charitable trust. The petitioners are the current trustees, to-wit:

William Bessor, President of the Council of the Boro of Zelienople

William Slack, Mayor of the Boro of Zelienople

Michael Fritz, Manager of Mellon Bank, N.A., Zelienople Branch

Douglas J. Toepel, Pastor of the English Lutheran Church

Fred S. Crozier, Pastor of St. Paul's Evangelical Lutheran Church

Inter alia the petition recites that the specific charitable purposes of the trust are impossible or impractical of fulfillment.

The facts are as follows:

"Howard E. Eckhart, a resident of the Borough of Zelienople, died December 26, 1965, leaving a last will and testament, dated November 21, 1962. In the last will and testament the decedent created a perpetual trust with no gift over in favor of three classes of beneficiaries. Two conditions apply to each of the three classes of beneficiaries, i.e., a beneficiary of any of the three classes has to be a resident of the Borough of Zelienople, Butler County, Pennsylvania, and the proposed beneficiary in

the discretion of the trustees has to be in financial need. The three classifications are: (1) persons meeting the two qualifications listed above who are suffering from polio; (2) persons meeting the above two qualifications who are suffering from cancer; (3) persons meeting the above two qualifications suffering from any serious illness."

It is anticipated that the fund will exceed $92,000 in value at the end of this year. The fund was slightly in excess of $47,000 when established in 1967. To date there have been no payments to beneficiaries. The availability of the fund for the purposes stated to Zelienople residents in financial need has been conveyed by word of mouth. The exception was advertising which was done at the suggestion of the Attorney General. As a result of that recent publicity there were no applications filed for benefits.

The trustees provide no application forms. They have not adopted eligibility standards. There are neither rules nor regulations for the administration of the fund. There exists no organized plan for informing the residents of Zelienople of the availability of help to qualified persons in financial need.

In Butler County one out of four people are victims of cancer. Costs may exceed major medical coverage. There are people in Zelienople suffering serious illness.

The explanation for the failure of sick residents who are aware of the fund to apply for a grant may be the fear that social security disability payments or other federal or state assistance will be affected.

Based on the facts this court reaches the conclusion that the cy pres doctrine cannot be applied to the trust at the present time. The law provides that

". . . if the charitable purpose for which an interest shall be conveyed shall be or become indefinite or impossible or impractical of fulfillment . . . the court may on application of the trustee or of any interested person or of the Attorney General of the Commonwealth . . . order an administration or distribution of the estate for a charitable purpose in a manner as nearly as possible to fulfill the intention of the conveyor, whether his charitable intent be general or specific." (20 Pa. C.S.A. §6110)

The burden rested on the petitioners to establish that the purposes of the Eckhart trust are impossible to fulfill. In the

absence of the trustees promulgating more specific standards of eligibility, providing general information as to the effect of grants on federal, state or private assistance, the making available application forms, as well as distributing periodic reports and publicity about the trust, it would be premature to determine that the purposes of the trust cannot be fulfilled.

We have outlined what we consider minimal but reasonable requirements for the administration of the trust. A plan to administer the trust substantially in accordance with the suggestions could result either in a quick exhaustion of the fund or a determination in due course that the trust purposes are impossible of fulfillment.